IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 13 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOEY LEE RAMON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF, <br><br> V. <br><br> ADAMS, WHITEAKER, ROBINSON, REAGAN & YOUNG, P.C., <br><br> DEFENDANT. | CIVIL ACTION NO. B-02-201 |

**DEFENDANT'S MOTION TO STAY OR ABSTAIN**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Adams, Whiteaker, Robinson, Reagan & Young, P.C. Defendant in the above styled and numbered action, and files this Defendant's Motion to Stay or Abstain, and in support thereof would respectfully show as follows:

I.

NATURE OF THE CASE

On October 21, 2002 Plaintiff individually and on behalf of a class of similarly situated plaintiffs, filed the instant suit. In its Original Complaint Plaintiff alleges violations of the Fair Debt collection Practices Act, 15 U.S.C. Sections 1692 et seq., and of the Texas Debt Collection Act, Texas Finance Code Chapter 392. Specifically Plaintiff alleges that Defendant violated the above two statutes while collecting debts, and requests that a class be certified, and that Plaintiffs be accorded declaratory judgment relief, injunctive relief, monetary damages, punitive damages, attorneys' fees and court costs. Plaintiff purports to create three subclasses

of Plaintiffs where some members of classes 2 and 3 are also members of class 1. The classes' descriptions are as follows:

> Class 1: all consumers in the United States who have been victims of the illegal acts of Defendant that violated the FDCPA, beginning one year prior to the date the complaint is filed;
>
> Class 2: all consumers residing in Texas who have been victims of the illegal acts of Defendant that violated the Texas Act beginning two years prior to the date of this complaint is filed; and
>
> Class 3: all consumers in class 2 who received a communication from Defendant prior to August 2, 2002.
>
> Class 2 and Class 3 consumers who were victims of Defendant's acts beginning one year prior to the date of this complaint is filed are also members of class 1. (*See Plaintiff's Original Complaint* ¶ 7)

A parallel [1] action styled Regina Dockery Individually and on Behalf of All Others Similarly Situated v. Adams, Whiteaker, Robinson, Reagan & Young, P.C. et al. has been instituted in the 17th Judicial District Court of Tarrant County, Texas on June 12, 2002. In that action Plaintiff alleges that Defendant violated the Texas Debt Collection Act while collecting

---

[1] Suits are "parallel," for the purposes of determining whether Colorado River abstention applies, if they "involve the same parties and the same issues." *RepublicBank Dallas, Nat'l Asso. v. McIntosh*, 828 F.2d 1120 1121 (5th Cir. 1987) (quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973); see also *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977).

debts, and requests that a class be certified, injunctive relief, monetary damages, attorneys' fees and court costs. (*See Attached Plaintiff's Original Petition*)

Plaintiff is that action purported to create the following class of Plaintiffs:

> Class 1: every consumer residing in Texas who at any time during the four years preceding the filing of this suit through the date of judgment herein have ever received a communication from Adams, on behalf of Cingular, in which it was stated or implied that it is lawful to garnish the wages of a Texas resident in connection with a Cingular debt, or in which Adams threatened to file a lawsuit to collect a debt, or stated that the filing of a lawsuit could damage the consumer credit history. (*See Plaintiff's Original Petition* ¶ 8)

Since Plaintiff in the Texas action purports to create a class whose members would necessarily include members of Classes 2 and 3 of this action, this court should stay the federal suit as it pertains to classes 2 and 3. Also, since the Fair Debt Collection Practices Act and the Texas Debt Collection Act, as well as F.R.C.P. 23 and Tex. R. Civ. Proc. 42 are similar in many respects[2,3], it follows that a resolution on the issues presented in the state court case

---

[2] Compare the remedies available under both statutes:
§ 392.403. Civil Remedies
(a) A person may sue for:
(1) injunctive relief to prevent or restrain a violation of this chapter; and
(2) actual damages sustained as a result of a violation of this chapter.
(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.
(c) On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs.
(d) If the attorney general reasonably believes that a person is violating or is about to violate this chapter, the attorney general may bring an action in the name of this state against the person to restrain or enjoin the person from violating this chapter.

could and would dispose also of all issues presented in this federal suit. In fact, as shown below class certification would present the same issues in the state and in the federal case; the state court would have to make a determination of rights and duties before issuing an injunction, the same as the federal court would have in order to administer declaratory relief (See *Meredith v. City of Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L. Ed. 9 (1943)); the requirements of the federal and state Debt Collection Acts are very similar and the relief offered is similar as well. Furthermore, Texas courts can hear lawsuits brought under the Fair Debt Collection Practices Act, since the Federal Courts do not have exclusive jurisdiction.[4] Since the state court would have necessarily to reach a determination of rights and duties before according any injunction and any other monetary relief, it follows that the state court where the first parallel suit is pending can adequately dispose of the claims of this Plaintiff and

---

(e) A person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter. Tex. Finance Code § 392.403 (Vernon, 1997)

15 U.S.C. Section 1692k. Civil liability
(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of -
(1) any actual damage sustained by such person as a result of such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

[3] See *Morgan v. Deere Credit, Inc. et al.*, 889 S.W.2d 360, 365, 367 (Tex. App. – Houston [14th Dist.] 1994))(Citing to *Ball v. Farm & Home Sav. Ass'n*, 747 S.W.2d 420, 422-23 (Tex. App. – Forth Worth 1988, *writ denied*); *Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex. Civ. App. – Houston [14th Dist] 1979, *writ ref'd n.r.e.*))
[4] See 15 U.S.C. 1692(k)(d)

the members of the three purported classes Plaintiff intends to represent. Furthermore, since Plaintiff in the state suit is seeking to certify a class of which necessarily Plaintiff in this instant suit would be a member, Plaintiff in this suit would, in case a class is certified, be able to intervene in the class action as a representative and request the same relief he is asking in the federal suit in the state suit.

It is in the interest of judicial economy, and principles of comity for this Court to stay this action until there is a final and full resolution of the first suit.

II

THE FEDERAL ACTION SHOULD BE STAYED UNDER THE COLORADO RIVER FACTORS AND IN DEFERENCE TO PRINCIPLES OF COMITY AND JUDICIAL ECONOMY

This Court should stay the federal action and allow the state action to come to a resolution under the principles declared by the United States Supreme Court in *Colorado River*. In *Colorado River*, the Supreme Court has identified six factors to consider in determining whether "exceptional circumstances" exist that permit a court to abstain out of deference to pending state court proceedings: (1) "assumption by either court of jurisdiction over a res," (2) "relative inconvenience of the forums," (3) "avoidance of piecemeal litigation," (4) "the order in which jurisdiction was obtained by the concurrent forums," (5) "to what extent federal law provides the rules of decision on the merits," and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Black Sea Inv. Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)(Citing to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 1247, 47 L. Ed. 2d 483, 499 (1976)).

In this case most of the elements militate in favor of this court staying the action pending a full and final resolution of the state class action lawsuit. In fact, while element 1 does not apply, since clearly this is an *in personam* action, and relative inconvenience of the forum is neutral since both Plaintiffs in both actions have filed in a court close to where they each live, element 3 "avoidance of piecemeal litigation" falls on the side of staying the federal action because entertaining this suit would encourage other plaintiffs, potential class members of the state class to file separate actions until a class is certified. Furthermore, elements 4, 5, and 6 favor staying the federal action because the state court obtained jurisdiction first and discovery has already commenced in that case; state law will affect two of the three classes in the federal suit, and remedies offered by the federal statute are comparable to the state statute, and therefore a resolution under the state statute might preclude re-litigation under the federal statute; and finally the state court will adequately protect the plaintiff's interest since the Fair Debt Collection Practices Act and the Texas Debt Collection Act, as well as Fed. R. Civ. Proc. 23 and Tex. R. Civ. Proc. 42 are similar in many respects as shown above.

Generally speaking Federal Courts have the discretion to hear a case when they have concurrent jurisdiction with a state court and there is a parallel cause of action involving the same basic parties and issues in state court. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 677 (5th Cir. 1973)(Citing to *Kline v. Burke Construction Co.*, 260 U.S. 226, 230, 43 S. Ct. 79, 81, 67 L. Ed. 226 (1922)). However, in case such as this when a suit was filed first in state court and a second parallel suit, involving essentially the same parties and the same issues, was then filed in federal court, principles of judicial economy and comity will militate on the side of staying the federal action until there is a full and final resolution of the state action, especially when the state court can resolve federal causes of action, and Plaintiffs can

obtain the same protection in state court as in federal court, as in this case. *See Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495, 62 S. Ct. 1173, 1176, 86 L. Ed.1620, 1625 (1942).

In fact, even when a suit is *in personam*, concurrent litigation over the same controversy is perceived as interference. *PPG Industries,* at 680. Furthermore, the Fifth Circuit Court has listed other good reasons to stay an action including concern for judicial economy, waste of time, duplication of efforts, undesiderability of imposing on the litigants and their witnesses the burden of litigating the same matter twice, as well as the infamous run by each party to obtain a final judgment in whatever court is perceived to be most favorable in order to obtain Res Judicata effects on the other litigation. *Id.* Furthermore, *PPG Industries* points out that even in private causes of action the same principles of comity and judicial economy should apply. *Id.*

Therefore, this court should stay its hand pending final and full resolution of all matters before the pending suit in state court.

### III.

### CLASS CERTIFICATION

Both suits in state and federal court ask for class certification. Courts around the Nation and in the Fifth Circuit have lamented the potential stranglehold that class action suits have on defendants where often Defendants are virtually forced into settlement regardless of the merits of the underlying suit. See *Castano v. The American Tobacco Co. et al.*, 84 F.3d 734, 746 (5th Cir. 1996). If parallel suits concerning the same issues and parties went ahead in state and federal court until the first suit came to be finally decided, that would cause duplication of effort, waste of judicial resources and injustice on the defendant.

## IV.

## CONCLUSION

Therefore, this Court should either stay the case as its pertains to classes 2 and 3, or in the alternative stay the entire case pending a full and final resolution on all issues of the state suit.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By: _____

SIMON D. WHITING
State Bar No. 21373600
S.D. Tex. No. 30063
3100 Lincoln Plaza, 500 N. Akard
Dallas, Texas 75201-3320
Tel: 214/740-3100
Fax: 214/740-3125
ATTORNEY FOR DEFENDANT
ADAMS, WHITEAKER, ROBINSON,
REAGAN & YOUNG, P.C.

### CERTIFICATE OF CONFERENCE

Larry Hallman hereby certifies that a telephone conference was held on November 12, 2002 with Conrad Bodden at the Law Offices of John Ventura, P.C. and no agreement could be reached as to the Motion to Stay or Abstain, therefore requiring its submission to the Court.

Certified to the 12th day of November, 2002.

_____
LARRY HALLMAN

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiffs via:

```
__X_  CERTIFIED MAIL/RETURN RECEIPT REQUESTED
_____ TELEPHONIC DOCUMENT
_____ TRANSFER (FAX)
_____ FEDERAL EXPRESS/EXPRESS MAIL
_____ COURIER/RECEIPTED DELIVERY
_____ REGISTERED MAIL/RETURN RECEIPT REQUESTED
__    HAND DELIVERY (IN PERSON)
_____ REGULAR MAIL
```

DATED: November 12, 2002

_____
SIMON D. WHITING

Jul 01 02 02:33p    Plan Administrator           425 629 1109         p.8
07/02/2002  01:45    ADAMS WHITEAKER ROBINSON → 14236291109      NO.571    006
FROM-HOOD JENSEN RENDER-LEGAL        (FRI) 6.28'02 11:47/ST. 11:46/NO. 426569085 P 5

CAUSE NO. **17 193383 02**

| | | |
|---|---|---|
| REGINA DOCKERY Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| VS. | § § | ___ JUDICIAL DISTRICT |
| ADAMS, WHITEAKER, ROBINSON, REAGAN & YOUNG, P.C. and CINGULAR WIRELESS, L.L.C., | § § § § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Regina Dockery, Plaintiff, hereby files her Original Petition complaining of Adams, Whiteaker, Robinson, Reagan & Young, P.C. ("Adams") and Cingular Wireless, L.L.C., ("Cingular"), Defendants, and as cause would respectfully show the following:

### I. NATURE OF THIS SUIT

1.1. Plaintiff is a consumer residing in Fort Worth, Texas. Defendant Adams is a law firm, organized as a corporation, located in Nashville, Tennessee. Adams collects a high volume of debts for Cingular. Adams sent a form letter to Plaintiff attempting to collect an alleged debt to Cingular that was incurred for personal, family, or household purposes. Among other things, this form letter stated, in pertinent part: "if we don't hear from you, suit may be recommended...if you do not answer or appear for trial, a judgment will be taken against you which could result in garnishment of wages...and your credit history may be damaged as the filing of suit and a judgment become public record." (Emphasis added.) Plaintiff seeks for herself and the class members both permanent injunctive relief and disgorgement of Defendants' ill-gotten gains.

Case 1:02-cv-00204   Document 6   Filed in TXSD on 11/13/2002   Page 11 of 17

Jul 01 02 02:33p  Plan Administrator      4236291109                              p.9
07/02/2002   01:45   ADAMS WHITEAKER ROBINSON → 14236291109                  NO.571   D07
FROM HOOD JENSEN BENDER-LEGAL           (FRI) 6.28'02 11:48/ST. 11:46 NO. 4265609095   P 6

obtained through the use of such letters. Such relief is sought under both the Texas Debt Collection Act and the DTPA.

## 2. SERVICE

2.1. Plaintiff may be contacted through her undersigned attorneys of record.

2.2. Defendant, Adams is a non-resident of the State of Texas that has engaged in acts constituting business in this state as defined in Tex. Civ. Prac. & Rem. Code Ann. § 17.042, but which does not maintain a place of business or designated agent for service of process in this state. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 17.044, Defendant may be served by serving its statutory agent for service of process, the Secretary of State of Texas, who should immediately forward a copy of the citation and petition to said Defendant, by registered or certified mail, return receipt requested, at said Defendant's last known home office address of:

> Worrick G. Robinson, Registered Agent
> Adams, Whiteaker, Robinson, Reagan & Young, P.C.
> 446 James Robertson Parkway, Suite 200
> Nashville, TN 37219-1501

2.3. Defendant, Cingular Wireless, L.L.C. is a corporation who may be served by serving its registered agent, Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701-2554

## 3. VENUE AND JURISDICTION

3.1. Venue in this case is proper in Tarrant County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.002, as the form letter forming the basis of Plaintiff's complaint was received by her in Fort Worth, Tarrant County, Texas. The above-named court has jurisdiction over Defendants and over the subject matter of this case.

## 4. FACTS

4.1. Whenever in this petition it is alleged that a Defendant did or was to d any act or thing, it is meant that the Defendant's officers, agents, servants, employees, or representatives did or were told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

4.2. Plaintiff is an individual who resides in Fort Worth, Texas. Defendant Adams is a Tennessee law firm that is in the business, *inter alia*, of collecting consumer debts in Texas. On information and belief, Adams handles a substantial amount of collection work for Defendant Cingular.

4.3. Plaintiff previously had an account with Cingular. That account was used by Plaintiff solely for non-business purposes, and her purported debt to Cingular is an obligation that arose out of a transaction for personal, family and household purposes.

4.4. On or about January 17, 2002, Defendant Adams sent a collection letter to the Plaintiff on behalf of Cingular. A true copy of that form letter is attached as **Exhibit A** to this petition and incorporated herein by reference as if set forth verbatim.

4.5. Plaintiff seeks monetary and injunctive relief, all of which is within the jurisdiction of this Court.

## 5. TEXAS DEBT COLLECTION ACT

5.1. Plaintiff, who is a "consumer" as defined in Tex. Fin. Code Ann. § 392.001(1), would show that the alleged obligation that Defendant Adams attempted to collect from her on behalf of Cingular is a "debt" as defined in Tex. Fin. Code Ann. § 392.001(2). Adams is a "debt collector" as defined in Tex. Fin. Code Ann. § 392.001(6) and a "third-party debt collector" as

defined in Tex. Fin. Code Ann § 392.001(7). Adams' conduct in disseminating Exhibit A, has violated the Texas Debt Collection Act in the following respects:

   a. Adams violated Tex. Fin. Code Ann. § 392.101, by attempting to collect consumer debts in Texas without first obtaining a third-party debt collector's bond and filing it with the Secretary of State of Texas. Adams has non attorney employees who regularly make contact with debtors for the purposes of collection or adjustment of debts, and it is therefore subject to the bond requirement.

   b. Adams attempted to collect a debt by threats of coercion in violation of Tex. Fin. Code § 392.301(a)(8) by threatening to take an act on prohibited by law. Specifically, Adams threatened to garnish Plaintiff's wages, notwithstanding the fact that the wages of Texas consumers are exempt from garnishment pursuant to Tex. Const. Art/XVI, §28 and Tex. Prop. Code Ann. § 42.001(b)(1).

   c. Adams attempted to collect a debt through fraudulent, deceptive, or misleading representations by:

      (i) falsely implying that it would file a law suit against Plaintiff when: (a) it had no intention of doing so; and (b) no attorney in the Adams firm is licensed to practice law in the State of Texas, in violation of Tex. Fin. Code §392.304(a)(8); and

      (ii) falsely claiming that the purported debt is one that would, solely as a result of Adams filing suit, damage Plaintiff's credit history, in violation of Tex. Fin. Code § 392.304(a)(8).

5.02. Plaintiff and the other class members are entitled to relief as provided for by Tex. Fin. Code Ann. §392.403, and is more specifically described herein below.

## 6. DTPA VIOLATIONS

6.1. Pursuant to Tex. Fin. Code Ann. § 392.404, a violation of the Texas Debt Collection Act is also a violation of the DTPA. Plaintiff and the class are therefore also entitled to relief under Tex. Bus. & Com. Code Ann. § 17.50(b), as more specifically described below. Tex. Bus. & Com. Code Ann. § 17.505 does not require pre-suit notice for the type of relief that Plaintiff is seeking under the DTPA, and therefore all conditions precedent to the filing of this suit have been performed.

## 7. LIABILITY OF DEFENDANT CINGULAR

7.1. In Texas, the relationship between attorney and client is one of principal and agent. *Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d 755, 759 (Tex. App.—Corpus Christi 1989, writ denied). If the acts complained of arise out of the business that the attorney was hired to transact, the client is vicariously liable for the attorney's wrongful acts. *Id.*

7.2. In the present case, Cingular is, itself, a "debt collector" because the Texas Debt Collection Act also includes creditors within its definition of that term. *See* Tex. Fin. Code § 392.001; *Greenpoint Credit Corp. v. Perez*, ___ S.W.2d ___, 2002 Tex. App. LEXIS 263 (Tex. App.- San Antonio 2002, no writ). Cingular is liable not only as Adams' principal, but because it, too, is a debt collector. Therefore, Defendants are jointly and severally liable for all of the claims of Plaintiff and the class.

## 8. CLASS ALLEGATIONS

8.1. Plaintiff sues not only for herself, individually, but also on behalf of the following class of persons:

JUL-18-02 15:07 FROM:The Reciprocal Group ID:6152593857 PAGE 7/
Case 1:02-cv-00201 Document 6 Filed in TXSD on 11/13/2002 Page 15 of 17
Jul 01 02 02:34p Plan Administrator 4 629 1109 p.13
07/02/2002 01:45 ADAMS WHITEAKER ROBINSON → 14236291109 NO.571 D11
FROM HOOD JENSEN BENDER-LEGAL (FRI) 6.20'02 11:49/ST. 11:46 NO. 4261560035 P 10

Every consumer residing in Texas who at any time during the four years preceding the filing of this suit through the date of judgment herein have ever received a communication from Adams, on behalf of Cingular, in which it was stated or implied that it is lawful to garnish the wages of a Texas resident in connection with a Cingular debt, or in which Adams threatened to file a lawsuit to collect a debt, or stated that the filing of a lawsuit could damage a consumers credit history.

8.2. Plaintiff would show that: (1) the class is so numerous that joinder of all persons is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of Plaintiff are typical of the claims of the class; and (4) Plaintiff, as the representative party, and her attorneys, as class counsel, will fairly and adequately protect the interests of the class. Plaintiff would further show that:

a. the prosecution of separate actions by or against individual members of the class would create a risk of

   (i) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; or

   (ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

b. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole; and

c. the questions of law or fact common to Plaintiff and the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8.3. Acting as private attorneys general pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and Tex. Bus. & Com. Code Ann. § 17.50(b)(2), Plaintiff and the class members are entitled to a permanent injunction, prohibiting Defendant Adams from:

   a. threatening, or implying that it will file suits against a Texas resident without first being licensed to practice law in the State of Texas; or

   b. collecting consumer debts in Texas at a time when it has failed to secure and file with the Secretary of State of Texas a third-party debt collector's bond as required by violated Tex. Fin. Code Ann. § 392.101.

8.4. Acting as private attorneys general pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and Tex. Bus. & Com. Code Ann. § 17.50(b)(2), Plaintiff and the class members are entitled to a permanent injunction, prohibiting both Defendants from:

   a. ever again threatening to garnish the wages of a Texas resident; or

   b. representing that a Texas consumer may incur damage to his or her credit history merely because of the filing of a lawsuit.

8.5. As noted above, pursuant to Tex. Fin. Code Ann. § 392.404(a), a violation of the TDCA is actionable under the DTPA. Pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(3), Plaintiff and the class members are entitled to restoration of all sums that Defendant Adams has collected from them on behalf of Cingular.

## 9. ATTORNEY'S FEES

9.1. In the event that Plaintiff prevails on any of the above-stated legal theories, she and the class are entitled to recover reasonable and necessary attorney's fees and costs through trial and any subsequent appeals.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, that she be certified as class representative, that her attorneys be certified as class counsel, and that upon final hearing hereof, she be granted judgment for all relief described above, together with all such other and further relief, at law or in equity, as to which she or the class may be justly entitled.

Respectfully submitted,

Jerry J. Jarzombek
State Bar No. 10589050
LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Fax

Manuel H. Newburger
State Bar No. 14946500
BARRON & NEWBURGER, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701-1938
(512) 476-9103
(512) 476-9253

ATTORNEYS FOR PLAINTIFF